## E. CLEMENTS V. A. J. CARPENTER.

### Decided January 16, 1904.

**Appeal to County Court—Pleading New Matter.**

A plea in reconvention not urged by the defendant in the justice court can not be set up on appeal to the county court, and the fact that the case went off in the justice court on a demurrer to plaintiff's cause of action, and that defendant's counsel stated orally in the county court that defendant relied upon the same matters of defense as were pleaded and relied upon by him orally in the justice court, including his plea in reconvention, which statement was at the time made in no way contradicted by plaintiff's attorney, did not change the rule.

Appeal from the County Court of Reeves. Tried below before Hon. T. J. Hefner.

*J. E. Stanley,* for appellant.

*George Estes,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment of the county court in favor of appellee on a counterclaim pleaded for the first time in the county court, the case having arisen in the justice court. That it is inadmissible to plead such an issue in the county court where it was not made in the justice court seems to be conceded, as it must be; but appellee contends that we should treat the record as showing that the issue in this instance was made in the justice court, because, as stated in his brief, "During the proceedings had in this case and before the filing of plaintiff's motion to strike out, defendant's attorney made the statement in open court in the presence and hearing of plaintiff and his attorney that the defendant relied upon the same matters of defense in this court as were pleaded and relied upon by him orally in the justice court, including his plea in reconvention for damages, which statement was at the time made in no way contradicted by either plaintiff or his attorney."

It appears from the transcript sent up to the county court by the justice of the peace that the case went off on demurrer in the justice court, the justice sustaining the exceptions of the defendant, appellee here, to plaintiff's account and dismissing the suit, with judgment for costs in favor of defendant, and consequently that no such issue was presented to that court as was raised by the plea in reconvention in the county court. In addition to this, appellant offered to show in support of his motion to strike out appellee's plea in reconvention that no such counterclaim had been set up in the justice court, but was not allowed to do so for the reasons given as follows in the judge's explanation appended to the bill of exceptions: "During the proceedings had in this case, and before the filing of plaintiff's motion to strike out, defendant's attorney had made the statement in open court, in the presence and hearing of plaintiff and his attorney, that defendant relied upon the

same matters of defense in this court as were pleaded and relied upon by him orally in the justice court, including his plea in reconvention for damages, which statement was in no way, at the time made, controverted by either plaintiff or his attorney. Afterwards I requested defendant's attorney to note in writing the defenses relied upon, which he did; then plaintiff filed his motion to strike out defendant's plea in reconvention, and offered to introduce proof tending to show that the plea in reconvention was not relied upon or pleaded in the justice court. I declined to hear proof for the following reasons: (1) The motion and proffered proof in support of the same came too late. (2) Because it appeared that the case was finally disposed of in the justice court on exception; demurrer was sustained in the justice court; judgment for costs entered against the plaintiff, and his suit dismissed. Plaintiff declined, or rather failed, to amend, but prosecuted his appeal from the order of judgment sustaining the exception and dismissing the suit. Such being the case, the defendant was not necessarily afforded an opportunity to disclose or to plead the defensive matter relied upon by him in that court, and the action of the plaintiff in prosecuting his appeal from such judgment to this court rendered it unnecessary for him (defendant) to do so, so that if the proof in support of the motion had shown that defendant's plea of reconvention was not in fact pleaded in the justice court, the motion, notwithstanding, should and ought to have been overruled, as was done." In our opinion the court was not warranted in entertaining the plea in reconvention on any of the grounds stated in this explanation.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*